1  Isaac P. Hernandez (SBN 025537)
   Hernandez Law Firm, PLC
2  361 E. Coronado Rd.
3  Phoenix, Arizona 85004
   Tel:   602.753.2933
4  Fax:   855.592.5876
5  Email: isaac@hdezlawfirm.com

6  *Attorney for Deborah Mellado*

7
                **IN THE UNITED STATES DISTRICT COURT**
8                 **FOR THE DISTRICT OF ARIZONA**

9
   Deborah Mellado,                    | Case No. _____
10
11             Plaintiff,
                                        | **COMPLAINT**
12       vs.
                                        | **DEMAND FOR JURY TRIAL**
13
   Pinal County,
14
15             Defendant.

16
          **COMES NOW** Plaintiff Deborah Mellado ("Plaintiff") in support of her against
17
   Defendant Pinal County ("Defendant" or "County"), and hereby alleges as follows:
18
                            **NATURE OF THE ACTION**
19
          1.      Plaintiff asserts claims against Defendant under the Title VII of the Civil
20
   Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Age Discrimination
21
   in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), for injuries resulting from
22
   Defendant's unlawful conduct, including but not limited to (1) discriminating against
23
   Plaintiff because of her sex and age and (2) retaliation.
24
          2.      Plaintiff seeks back pay, front pay, compensatory damages, attorney's fees
25
   and costs, and such further relief as the Court deems just and proper under the
26
   circumstances.
27

28

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

1

2 **PARTIES**

3      3.      Plaintiff has at all times relevant to this matter been a resident of Pinal

4 County, Arizona.

5      4.      Defendant is a County for the State of Arizona located in this judicial

6 district.

7 **JURISDICTION AND VENUE**

8      5.      This Court has personal and subject matter jurisdiction over the parties and

9 issues in this Complaint, pursuant to 28 U.S.C. §1331.

10     6.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), because the

11 acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in

12 Pinal County, Arizona.

13 **FACTUAL BACKGROUND**

14     7.      Plaintiff is a 68 year old female who began her employment with the County

15 in June 2016 as an Assistant to the Pinal County Board of Supervisors.

16     8.      In June 2018 Plaintiff received a promotion to District Administrator and

17 began her tenure working for Pinal County Supervisor Todd House.

18     9.      In January 2021 Plaintiff began her tenure working as District Administrator

19 for Pinal County Supervisor Kevin Cavanaugh.

20     10.     Shortly after Plaintiff began her employment with Mr. Cavanaugh,  made

21 inappropriate comments regarding her sex and age.

22     11.     By way of example only, Mr. Cavanaugh made a comment along the lines

23 of following during a meeting with Plaintiff and another employee in mid-January:  "A

24 man should be working at the Mammoth Office.  We need some younger and new blood

25 out there.  You know Deb, just like a football or baseball team, some of the players are

26 old and the team needs new blood."

27     12.     In another conversation with Mr. Cavanaugh around mid-January, Mr.

28 Cavanaugh commented that Plaintiff got along with her prior supervisor Todd House

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

because they (Plaintiff and Mr. House) were around the same age.  When Plaintiff asked Mr. Cavanaugh what  meant by his comment,  laughed and said:  "You are both old!"

13.     When Plaintiff would hear Mr. Cavanaugh make inappropriate comments, she advised him that his comments were inappropriate and unwelcome.

14.     In or around mid-January 2021, Mr. Cavanaugh began altering Plaintiff's duties, subjecting Plaintiff to increased scrutiny, and delegating Plaintiff's duties to his secretary, a young male in his 20s or early 30s.

15.     In or around the last week of January 2021, Plaintiff's co-worker who also worked for Mr. Cavanaugh's District, complained to Human Resources Director Mary Ellen Sheppard and County Manager Leo Lew regarding Mr. Cavanaugh's behavior and misconduct.

16.     On or around February 1, 2021, Plaintiff scheduled an appointment with HR Director Ms. Sheppard for the following day (February 2) to discuss Plaintiff's concerns regarding Mr. Cavanaugh's behavior and misconduct, including his ageist and sexist comments.

17.     On February 2, 2021, Mr. Cavanaugh called Plaintiff and told Plaintiff to cancel her meeting with HR.  Plaintiff was surprised by Mr. Cavanaugh's call because she scheduled the meeting during her lunch hour and had not requested Mr. Cavanaugh's permission to attend the meeting beforehand.   Ten to fifteen minutes after Mr. Cavanaugh's surprise call to instruct Plaintiff not to attend her meeting with HR, Mr. Cavanaugh sent Plaintiff a text message and advised her that she could attend her scheduled meeting with HR.

18.     When Plaintiff arrived for her meeting with HR, she was met by Mr. Cavanaugh and HR Director Ms. Sheppard, who advised Plaintiff that she had been terminated.

19.     Plaintiff was not provided a reason for the termination other than that she was an "uncovered" or "at-will" employee that could be terminated at any time for any reason.

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

20.     Upon information and belief, Defendant replaced Plaintiff with a younger male employee who was less qualified than Plaintiff.

21.     Plaintiff filed her administrative charge (Charge No. 540-2021-01602) alleging retaliation and discrimination based on her sex and age.

22.     No more than 90 days have passed since Plaintiff received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

### FIRST CAUSE OF ACTION

### Title VII-Discrimination Based on Sex

23.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

24.     Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of her sex, including but not limited to, heightened scrutiny, constant criticism and subjecting her to unfavorable working conditions compared to similarly situated coworkers.

25.     Defendant maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on female employees, including Plaintiff.

26.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses.  In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, nervousness, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

27.     The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

///

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

**SECOND CAUSE OF ACTION**

**Title VII-Retaliation**

28.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

29.    During the course of Plaintiff's employment with Defendant, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because she complained about unlawful discrimination.

30.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses.  In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

31.    The unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

**THIRD CAUSE OF ACTION**

**ADEA-Discrimination Based on Age**

32.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

33.    Upon information and belief, Plaintiff was subjected to less favorable treatment than similarly situated coworkers because of her age, including but not limited to, heightened scrutiny, constant criticism and subjecting her to unfavorable working conditions compared to similarly situated coworkers.

34.    Defendant maintained and implemented unlawful discriminatory practices and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged, or disciplined, caused adverse and discriminatory impact on older employees,

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

1   including Plaintiff.

2       35.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

3   has suffered damages, including but not limited to, lost wages, benefits, and other

4   pecuniary losses.  In addition, she has and will continue to suffer emotional distress,

5   sleeplessness, depression, nervousness, loss of focus and concentration, pain and

6   suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and

7   the loss of enjoyment of life.

8       36.    The unlawful employment practices described herein were willful, wanton,

9   malicious, and in reckless disregard of Plaintiff's rights.

10                          **FOURTH CAUSE OF ACTION**

11                              **ADEA-Retaliation**

12      37.    Plaintiff incorporates by reference the preceding paragraphs of the

13   Complaint as if specifically set forth herein.

14      38.    During the course of Plaintiff's employment with Defendant, Plaintiff was

15   retaliated against in violation of ADEA and subjected to less favorable terms and

16   conditions of employment than similarly situated employees because she complained

17   about unlawful discrimination.

18      39.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

19   has suffered damages, including but not limited to, lost wages, benefits, and other

20   pecuniary losses.  In addition, she has and will continue to suffer emotional distress,

21   sleeplessness, depression, loss of focus and concentration, pain and suffering,

22   inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of

23   enjoyment of life.

24      40.    The unlawful employment practices described herein were willful, wanton,

25   malicious, and in reckless disregard of Plaintiff's rights.

26   ///

27   ///

28   ///

- 6 -

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

1    **WHEREFORE**, Plaintiff prays for relief against Defendant, jointly and severally,

2    as follows:

3        A.    Award Plaintiff back pay, front pay, and any other available compensatory

4            damages, as may be determined at trial;

5        B.    Award Plaintiff general damages for her emotional distress, sleeplessness,

6            depression, loss of focus and concentration, pain and suffering,

7            inconvenience, mental anguish, embarrassment, frustration, humiliation,

8            and the loss of enjoyment of life, as may be determined at trial;

9        C.    Order Defendant to pay reasonable attorney's fees and costs;

10       D.    Order Defendant to pay pre-judgment interest on all amounts for which pre-

11           judgment interest is legally allowable, at the highest lawful rate;

12       E.    Order Defendant to pay post-judgment interest at the highest lawful rate for

13           all amounts, including attorney fees, awarded against Defendant; and

14       F.    Order all other relief, whether legal, equitable or injunctive, as may be

15           necessitated to effectuate full relief to Plaintiff.

16                         **JURY DEMAND**

17   Plaintiff requests a jury trial.

18

19   Respectfully submitted this 20th day of December 2021.

20                         Hernandez Law Firm, PLC

21

22                     By:   /s/ Isaac P. Hernandez

23                         Isaac P. Hernandez
                      Attorney for Plaintiff

24

25

26

27

28

- 7 -